IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH RICHARD CIVIL**, <br><br> Petitioner, <br><br> v. <br><br> **ANGELA BRANDENBURG**, <br><br> Respondent. | Case No. 3:24-cv-1773-JE <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John Jelderks issued Findings and Recommendation in this case on March 5, 2025. Judge Jelderks recommended that this Court grant Respondent's motion to dismiss, dismiss the petition for writ of habeas corpus for lack of exhaustion, and enter judgment dismissing this case without prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner, representing himself, timely filed an objection, to which Respondent did not respond. Petitioner objects to the portion of Judge Jelderks's recommendation finding that Petitioner has not exhausted his state remedies. In his objections, Petitioner states that his appointed attorneys were too busy to assist him, and accordingly that he was in custody for months before a trial was scheduled. Petitioner acknowledges that he has not exhausted state remedies but argues that no available state remedies are adequate because they will require him to "continue to sit in custody for crimes [he] did not commit."

Although there is no statutory exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241, the Ninth Circuit has held that, "as a prudential matter," habeas petitioners must exhaust available state judicial and administrative remedies. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Exhaustion is not required "if resort to state remedies would be

futile." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). Petitioner has argued that state remedies would be inadequate, which, given Petitioner's *pro se* status, the Court construes as a futility argument. Petitioner contends that state remedies are inadequate only because they would require him to remain in custody. This does not suffice to render a state remedy futile; if it did, every habeas petitioner could claim futility because the petitioner remains in custody while exhausting state remedies. Thus, Petitioner has not exhausted his state remedies or shown that an exception to exhaustion applies.

The Court ADOPTS the Findings and Recommendation, ECF 13. The Court GRANTS Respondent's Motion to Dismiss, ECF 8, and dismisses this case without prejudice for Petitioner to file another federal habeas case after he exhausts his state and administrative remedies.

**IT IS SO ORDERED.**

DATED this 28th day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge